**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 06-5156**

───────────

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

ANDREW TERRELL JENKINS,

                              Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of
South Carolina, at Aiken.   Margaret B. Seymour, District Judge.
(1:05-cr-01223)

───────────

Submitted:  April 19, 2007          Decided:  April 23, 2007

───────────

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Katherine E. Evatt, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant.  Christopher Todd Hagins, OFFICE OF
THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrew Terrell Jenkins pleaded guilty, pursuant to a plea agreement, to one count of possession of a firearm and ammunition after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g) (2000), and one count of possession of a stolen firearm, in violation of 18 U.S.C. § 922(j) (2000). In the plea agreement, Jenkins stipulated that he qualified for sentencing as an armed career criminal based on three prior convictions for burglary. The district court sentenced Jenkins to 188 months of imprisonment. Jenkins timely appealed.

On appeal, counsel filed an Anders[1] brief, in which he states there are no meritorious issues for appeal, but questions whether the district court complied with Fed. R. Crim. P. 11 in accepting Jenkins' guilty plea, and whether the sentence imposed was unreasonable or otherwise in violation of law. Jenkins was advised of his right to file a pro se supplemental brief, but has not filed a brief. The Government declined to file a brief. We affirm.

Jenkins did not move in the district court to withdraw his guilty plea, therefore this court reviews his challenge to the adequacy of the Rule 11 hearing for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Prior to

_____

[1] Anders v. California, 386 U.S. 738 (1967).

accepting a guilty plea, the trial court must ensure the defendant understands the nature of the charges against him, the mandatory minimum and maximum sentences, and other various rights, so it is clear that the defendant is knowingly and voluntarily entering his plea. The court must also determine whether there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(1), (3); <u>United States v. DeFusco</u>, 949 F.2d 114, 116, 120 (4th Cir. 1991). Counsel does not specify any deficiencies in the district court's Rule 11 inquiry, and our review of the plea hearing transcript reveals that the court conducted a thorough Rule 11 colloquy that assured Jenkins' plea was made both knowingly and voluntarily.

We review a district court's sentence for reasonableness. <u>United States v. Hughes</u>, 401 F.3d 540, 546-47 (4th Cir. 2005). "Consistent with the remedial scheme set forth in <u>United States v. Booker</u>, 543 U.S. 220 (2005), a district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines." <u>Hughes</u>, 401 F.3d at 546. Counsel does not assert that the district court erred in determining the applicable Guidelines[2] range, and our review of the record reveals no error. Next, the district court must consider the Guidelines range in conjunction with other relevant factors under the Guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and impose a sentence. "A sentence within the proper advisory

---

[2]<u>U.S. Sentencing Guidelines Manual</u> (2005).

Guidelines range is presumptively reasonable." <u>United States v. Johnson</u>, 445 F.3d 339, 341-42 (4th Cir. 2006).  If a court imposes a sentence outside the Guidelines range, the court must state its reasons for doing so.  <u>Hughes</u>, 401 F.3d at 546.  The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u> at 546-47 (citations omitted).  In this case, Jenkins was sentenced to the minimum of the Guidelines range, and we conclude that his sentence is reasonable.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal.  We therefore affirm Jenkins' convictions and sentence.  This court requires that counsel inform Jenkins, in writing, of the right to petition the Supreme Court of the United States for further review. If Jenkins requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Jenkins.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 4 -